JUSTICE v. EMPIRE STATE SURETY CO.

(Circuit Court of Appeals, Third Circuit. December 4, 1914.)

No. 1813.

PRINCIPAL AND SURETY (§ 117*)—BUILDER'S CONTRACT—BOND—FUNDS—FAILURE TO RETAIN—DISCHARGE OF SURETY.

　　Where a building contractor's bond provided that the owner should make specified payments during the progress of the work, but should retain not less than 10 per cent. of all payments for work performed and materials furnished until the complete performance of the contract, but the owner did not retain the 10 per cent., and prior to the contractor's default he paid $2,000 more than the advance payments, there was a material alteration of the contract, for which the surety was discharged.

　　[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 283–285; Dec. Dig. § 117.*

　　Discharge of surety on building contract by change in obligation or duty of principal, see notes to United States v. Walsh, 52 C. C. A. 427; O'Neill v. Title Guaranty & Trust Co., 113 C. C. A. 214; United States Fidelity Co. v. United States, 116 C. C. A. 196.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by George L. Justice against the Empire State Surety Company. Judgment for defendant (209 Fed. 105), and plaintiff brings error. Affirmed.

W. W. Montgomery, Jr., and Sydney Young, both of Philadelphia, Pa., for plaintiff in error.

Hepburn, Carr & Krauss, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON and McPHERSON, Circuit Judges, and WITMER, District Judge.

BUFFINGTON, Circuit Judge. In this case George L. Justice, a citizen of Pennsylvania, brought suit to recover some $5,000 from the Empire State Surety Company, a corporation of New York, as surety

---

on a building contract bond given by one Maguire, a contractor, to the plaintiff. The bond stipulated:

"That the obligee shall retain not less than ten per centum of all payments for work performed and materials furnished in the performance of said contract, until the complete performance by said principal of all the terms, covenants, and conditions thereof on said principal's part to be performed."

The proofs showed plaintiff had, during the progress of the work, paid some $11,700 on his buildings as provided for without retaining the 10 per cent. stipulated for as above. He had also, as the work progressed, advanced $2,000 to the contractor, which was not payable until the completion of the contract. The contractor then defaulted, and the plaintiff completed the building at a sum in excess of the contract price. On the trial the court, holding that:

"Under the terms of these contracts, as I construe them, the owner has materially varied the terms of the contract. There has been a substantial, material variance of the terms of the contract; and inasmuch as he has not complied with the terms of the contract, I hold the surety is released from any obligation of the contract of suretyship"

—instructed the jury to find for the surety company. This instruction is here assigned as error. In Prairie State Bank v. United States, 164 U. S. 233, 17 Sup. Ct. 145, 41 L. Ed. 412, it was held that a stipulation in a building contract for retention of a certain part of the price until completion of the work "raises an equity in the surety in the fund to be created." It was further held "that a disregard of such stipulation by the voluntary act of the creditor operated to release the sureties." In that case the court cited Polak v. Everett, 1 Q. B. D. 669, that:

"The surety is entitled not to be affected by anything done by the creditor, who has no right to consider whether it might be to the advantage of the surety or not. The surety is entitled to remain in the position in which he was at the time the contract was entered into."

And further:

"That it is a thoroughly safe and sound principle that, when the act is voluntary and deliberate, the creditor, altering the contract and rendering it impossible that it should be carried out in its original form, should suffer. This is sound doctrine, which ought not to be impeached, and cannot be impeached, because it is established by authority."

Holme v. Brunskill, 3 Q. B. D. 495, was also cited:

" * * * That if it is not self-evident that the alteration is unsubstantial, or one which cannot be prejudicial to the surety, the court will not, in an action against the surety, go into an inquiry as to the effect of the alteration, or allow the question, whether the surety is discharged or not, to be determined by the finding of a jury as to the materiality of the alteration, or on the question whether it is to the prejudice of the surety, but will hold that in such a case the surety himself must be the sole judge whether or not he will consent to remain liable, notwithstanding the alteration, and that, if he has not so consented, he will be discharged."

The retention of the payments deferred until the completion of the undertaking, and of the 10 per cent. to be retained until the complete performance by the principal of all the terms, covenants, and conditions of the contract, created a fund in the hands of the plaintiff, wherein the surety had an equity, of which it could not be deprived

without its consent. Our own case, Fidelity Co. v. Agnew, 152 Fed. 955, 82 C. C. A. 103, is to the same effect.

Moreover, the advancements are so large and substantial that it may be accepted as self-evident that the alteration by the plaintiff proved prejudicial to the surety, if such showing should be deemed important. There was, therefore, nothing to leave to the jury, and we think the judge below was right in giving binding instructions, and holding, as he did, that:

"For the reasons stated in Prairie State Bank v. United States and Fidelity Co. v. Agnew, and upon the authorities there cited, anticipation of payments by the obligee is held as a matter of law to be a material variation from the terms of the contract."